IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

| | | |
|---|---|---|
| QINGDAO PINPINHAO GRAINS AND OILS GROUP, LTD., | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 1:26-cv-339 |
| v. | * | |
| HOLLY JOHNSON, | * | |
| Defendant. | * | |

**<u>COMPLAINT</u>**

Comes now Plaintiff Qingdao Pinpinhao Grains and Oils Group, Ltd. and files this complaint against Defendant Holly Johnson as follows:

<u>PARTIES</u>

1. Plaintiff Qingdao Pinpinhao Grains and Oils Group, Ltd. ("Qingdao" or "Plaintiff") is a corporate entity organized and existing under the laws of the People's Republic of China ("China") with its principal place of business in Shandong, China. As a Chinese entity equivalent in all material respects to a corporation, Plaintiff is a citizen or subject of China. The only two shareholders of Plaintiff also are citizens or subjects of China.

2. Defendant Holly Johnson ("Johnson" or "Defendant") is an adult resident of Baldwin County, Alabama, and is a resident and citizen of the State of Alabama. At all times material herein, Johnson was the chief financial officer of Coastal Growers, LLC.

<u>JURISDICTION AND VENUE</u>

3. The amount in controversy exceeds $75,000, exclusive of interest and costs.

4. This Court has jurisdiction of this matter under 28 U.S.C. § 1332, because it is being brought by a citizen or subject of a foreign state against a citizen of the State of Alabama.

5. Venue is proper in this Court because the acts and omissions forming the basis of the complaint occurred in Escambia County, Alabama, which is located in the Southern District of Alabama.

FACTS

6. Plaintiff is a Chinese producer of edible oils, and in the course of its operations it buys various commodities, including peanuts.

7. Coastal Growers, LLC ("Coastal") is, or was until the time of its bankruptcy, a grower-owned peanut cooperative in Atmore, Alabama.

8. On or about May 22, 2024, Plaintiff and Coastal entered into a series of contracts in which Plaintiff agreed to purchase farmer's stock peanuts. These agreements involved an amount of approximately 17,607 metric tons of product at a total purchase price of approximately $10,000,000.

9. Under the contracts, the product was to be shipped during the Summer of 2024, with cash being paid in advance of the shipment.

10. The availability of product for shipping by Coastal was delayed for a variety of reasons.

11. Plaintiff sought assurances from Coastal that, if Plaintiff made additional payments, Coastal would ship product immediately and no funds paid by Plaintiff would be held by Coastal for any reason.

12. During this time period, Defendant made representations to Plaintiff that product would be shipped and no money paid by Plaintiff would be held by Coastal. Defendant also made these representations in writing, most recently in a letter from Defendant to Plaintiff dated September 18, 2024, in which she states that Coastal would not hold any funds or shipments that

had been fully funded by Plaintiff for any reason. Defendant intended for Plaintiff to rely on these representations and pay money to Coastal. These representations were false.

13. The Defendant either knew the statements were false when she made them, or she recklessly or negligently made them without knowing if they were true, or she mistakenly and innocently made the false statements.

14. Plaintiff did not know the statements were false.

15. In reliance upon these statements made by Defendant, Plaintiff made a number of payments to Coastal, in the amount of approximately $4,695,195.00.

16. Contrary to the representations, Coastal did not ship all of the product for which payment was made. Coastal did not return the monies paid by Plaintiff above the price of the product shipped, informing Plaintiff that those amounts of monies along with all remaining farmer's stock peanuts for which Plaintiff had contracted would be retained. As a result, a total of $2,007,171.25 was wrongfully held by Coastal.

<u>COUNT ONE</u>

17. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

18. The Defendant intentionally misrepresented to Plaintiff that any funds paid would not be withheld, knowing those statements were false.

19. The Defendant intended that Plaintiff rely on those statements. Plaintiff did not know those statements were false.

20. The Plaintiff reasonably relied on the statement, paying the money, and suffered damages as a result.

21. As a proximate cause of Defendant's misrepresentation, the Plaintiff has suffered damages.

WHEREFORE, the Plaintiff requests that the Court enter a judgment against the Defendant for compensatory damages, punitive damages, attorneys' fees, pre-judgment interest, and costs. The Plaintiff further requests any other relief the Court deems appropriate.

COUNT TWO

22. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

23. The Defendant intentionally misrepresented to Plaintiff that any funds paid would not be withheld, knowing those statements were false.

24. The Defendant did not intend to honor that representation when it was made.

25. The Defendant intended that Plaintiff rely on those statements.

26. The Plaintiff reasonably relied on the statement, paying the money, and suffered damages as a result.

WHEREFORE, the Plaintiff requests that the Court enter a judgment against the Defendant for compensatory damages, punitive damages, attorneys' fees, pre-judgment interest, and costs. The Plaintiff further requests any other relief the Court deems appropriate.

COUNT THREE

27. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

28. The Defendant recklessly misrepresented to Plaintiff that any funds paid would not be withheld. Those statements were false.

29. The Defendant intended that Plaintiff rely on those statements.

30. The Plaintiff reasonably relied on those statements, paying the money, and suffered damages as a result.

31. As a proximate cause of Defendant's misrepresentation, the Plaintiff has suffered damages.

WHEREFORE, the Plaintiff requests that the Court enter a judgment against the Defendant for compensatory damages, punitive damages, attorneys' fees, pre-judgment interest, and costs. The Plaintiff further requests any other relief the Court deems appropriate.

COUNT FOUR

32. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

33. The Defendant mistakenly or innocently misrepresented to Plaintiff that any funds paid would not be withheld. Those statements were false.

34. The Defendant intended that Plaintiff rely on those statements.

35. The Plaintiff reasonably relied on those statements, paying the money, and suffered damages as a result.

36. As a proximate cause of Defendant's misrepresentation, the Plaintiff has suffered damages.

WHEREFORE, the Plaintiff requests that the Court enter a judgment against the Defendant for compensatory damages, punitive damages, attorneys' fees, pre-judgment interest, and costs. The Plaintiff further requests any other relief the Court deems appropriate.

Respectfully submitted,

*/s/ Archibald T. Reeves IV*
ARCHIBALD T. REEVES, IV
areeves@mcdowellknight.com
*Counsel for Plaintiff*

OF COUNSEL:

MCDOWELL KNIGHT ROEDDER
& SLEDGE, LLC
11 North Water St., Ste. 13290
Mobile, Alabama 36602
(251) 432-5300
(251) 432-5303 (fax)

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL AT THE FOLLOWING ADDRESS:**

**Holly Johnson**
**38211 AVR Byrd Rd.**
**Bay Minette, AL 36507**